UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ROBERT JOSEPH ATKINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:22-CV-155-TAV-JEM |
| CPT. ARON TURNER, CPL. SHAWN HOCKER, SHERIFF TOM SPANGLER, LT REYDA HEATHR, DETECTIVE NEELY, REP. OFF. GRAYSON FRITZ, KNOX COUNTY, KNOX COUNTY SHERIFF'S OFFICE, STORM WILLIAMS, and MATTHEW WILLIAMS, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff, a former inmate of the Knox County Sheriff's Office who is now in the custody of the Tennessee Department of Correction ("TDOC"), has filed a pro se complaint for violation of 42 U.S.C. §§ 1981 and 1983 [Doc. 1], a motion for an order of protection [Doc. 5], and a motion for leave to proceed *in forma pauperis* [Doc. 6]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983. Thus, Plaintiff's motion for an order of protection [Doc. 5] will be **DENIED as moot**.

## I. FILING FEE

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 6] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is in TDOC custody, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at Plaintiff's current correctional institution and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.

*See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausibly claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Complaint Allegations

At three a.m. on February 10, 2020, while Plaintiff was housed in the Roger D. Wilson Detention Facility, officers told Plaintiff they were sending him to the Knox County Jail to talk to detectives [Doc. 1 p. 2]. Plaintiff refused, at which point "[he] was maced

3

and tazed" [*Id.*]. Plaintiff characterizes the macing and tazing as the result of his refusing to talk to detectives about a charge for which he was not indicted [*Id.*].

Plaintiff then told Defendant Lt. Reyda Heathr and her partner that he refused to talk to them, but "they would not release [him] until [he] sa[id] what they wanted [him] to say" [*Id.*]. Defendant Lt. Reyda Heathr instead told Plaintiff what to say while knowing his rights were being violated, "and then [Plaintiff] was charged with [second-]degree murder" [*Id.*].

Plaintiff has evidence that officers knew his civil rights were being violated, as Defendant Officer Williams told him that everything is on camera, but United States District Judge Katherine Crytzer has denied that evidence to Plaintiff in another pending lawsuit, so he is filing this complaint to take a different approach to obtain the evidence [*Id.* at 4]. Also, the Sheriff of Knox County, who is the supervisor of all Knox County law enforcement officers, including those who maced and tazed Plaintiff, denied Plaintiff unspecified materials, which Plaintiff indicates adds "a big conspiracy" to this lawsuit [*Id.*].

Plaintiff has sued Capt. Aron Turner, Cpl. Shawn Hocker, S. Williams, M. Williams, Sheriff Tom Spangler, Lt. Reyda Heather, Detective Neely, Rep. Off. Grayson Fritz, Knox County, and Knox County Sheriff's Office [*Id.* at 3]. As relief, Plaintiff seeks (1) one point five million dollars for his mental and emotional stress and suffering; (2) for each officer to be discharged and relieved of their duties and prevented from ever working in law enforcement or as a court-appointed worker; and (3) for

4

Defendant Knox County and Defendant Knox County Sheriff's Office to be fined for conspiracy to violate his rights [*Id.* at 3, 5].

## III. Analysis

First, while Plaintiff does not specify how he alleges Defendants Cpl. Hocker and Officers S. Williams and M. Williams violated his constitutional rights, the Court takes judicial notice that Plaintiff has a lawsuit pending in the United States District Court for the Eastern District of Tennessee that is proceeding as to his allegations that on February 10, 2020, these Defendants used excessive force against him after he told them that he did not want to talk to detectives. *Atkins v. Williams, et al.*, 3:21-CV-075-KAC-DCP (filed Jan. 5, 2021) [Doc. 14 p. 4, 7, 9]. Thus, to the extent that Plaintiff seeks to assert these same claims in this action through his complaint, such claims are duplicative and will be **DISMISSED**. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (providing that "[f]ederal courts . . . retain broad powers to prevent duplicative or unnecessary litigation").

Next, as set forth above, Plaintiff's only allegations against Defendant Sheriff Spangler are that he supervises all Knox County officers and denied Plaintiff unspecified materials relevant to his claims, which Plaintiff alleges establishes the existence of some type of conspiracy against him [Doc. 1 p. 4]. However, Defendant Sheriff Spangler cannot be liable under § 1983 based solely on his supervision of individuals Plaintiff claims violated his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2002) (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"). And Plaintiff does

5

not provide any facts about his general allegation that Defendant Sheriff Spangler denied him unspecified materials that allow the Court to plausibly infer that this amounts to a violation of his constitutional rights, much less any conspiracy to violate his constitutional rights. Nor does Plaintiff otherwise present any facts indicating that Defendant Sheriff Spangler otherwise was personally involved in a violation of his constitutional rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983). Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Sheriff Spangler.

Further, as to Defendant Lt. Reyda Heathr, Plaintiff claims that, after he told this Defendant and her partner that he refused to talk to them, this Defendant told him what to say and would not release him until he said what they wanted him to say, and that he was then charged with second-degree murder [*Id.* at 2]. However, the Court takes judicial notice that Plaintiff has now been convicted of a second-degree murder charge. *See* https://apps.tn.gov/foil/details.jsp (last visited May 9, 2020). Thus, to the extent that Plaintiff challenges the validity of his recent second-degree murder conviction through this claim, any such claim is barred, absent prior invalidation of that conviction. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (providing that a § 1983 action challenging an underlying conviction or sentence "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct

6

leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Moreover, to the extent that Plaintiff seeks to challenge a separate second-degree murder charge that is pending against him but for which he has not yet been convicted through his complaint, any such claim is subject to dismissal pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), because it not yet ripe. *Atkins v. Spangler, et al.*, 3:21-CV-075-KAC-DCP, 2021 WL 3007265, at *3 (July 15, 2021). Thus, the Court will dismiss any such claim for the same reasons District Judge Crytzer dismissed Plaintiff's claims based on the same allegations in his other lawsuit pending in this District, and the Court expressly incorporates by reference Judge Crytzer's reasoning in doing so. *Id.*

Additionally, Plaintiff fails to include any facts from which the Court can plausibly infer that any remaining individual Defendant was personally involved in any violation of his constitutional rights. Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to the remaining individual Defendants. *Frazier*, 41 F. App'x at 764.

Moreover, while Plaintiff has named the Knox County Sheriff's Office as a Defendant, this is not an entity subject to suit under § 1983. *Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *1–2 (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983) (M.D. Tenn. Aug. 25, 2010). And while Plaintiff also sued Defendant Knox County, he does not allege or set forth any facts from which the Court can plausibly infer

7

that a custom or policy of this municipality caused any violation of his constitutional rights, as required for the complaint to state a claim upon which relief may be granted under § 1983 against this Defendant. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Lastly, Plaintiff states he has filed his complaint in this case to obtain discovery for his other § 1983 lawsuit that is pending in this District before Judge Crytzer because Judge Crytzer has not provided him discovery materials. However, Plaintiff's allegation that Judge Crytzer has not provided him discovery materials does not allege a constitutional violation, and Plaintiff notably does not set forth any facts suggesting that he has attempted to properly obtain discovery from the defendants in his other pending lawsuit in accordance with the applicable Rules of Civil Procedure but has been unable to do so.

Accordingly, even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983 as to any named Defendant, and it will be **DISMISSED**.

### IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 6] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at Plaintiff's current institution and the Court's financial deputy;

8

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, Plaintiff's motion for an order of protection [Doc. 5] will be **DENIED as moot** and this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER**.

**ENTER**:

                                              s/ Thomas A. Varlan
                                              UNITED STATES DISTRICT JUDGE